# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VONDELLE MONTEZ OVER,**

    Plaintiff,

  v.                                                  Case No. 19-CV-218

**SAMANTHA MARKWARDT,** *et al.***,**

    Defendants.

## REPORT AND RECOMMENDATION

Vondelle Montez Over, who is representing himself, is proceeding on claims of deliberate indifference against employees of the Milwaukee County Jail. (ECF No. 11.) One of those employees, Milwaukee County Corrections Officer Telia Evans, has moved for her dismissal from the case. (ECF No. 16.) Evans asserts that Over's complaint focuses on his fall down the stairs on January 3, 2019, but she was not on duty that day. (ECF No. 17 at 2.) She notes that Over did not allege the date on which he made a report or communicated with her about his concerns. (*Id.* at 3.) Evans contends that, because Over's complaint focuses on only the January 3, 2019, fall, and because she has no relation to that incident, she has been improperly joined as a defendant in this case. (*Id.* at 3–4.)

Over responds that he had spoken with Evans about his need for a lower housing assignment on January 1, 2019. (ECF No. 30.) He alleges that Evans "attempted to delude" him and ignored his request for a lower housing assignment.

(*Id.*) Because Evans, among others, did not assist Over in obtaining a lower housing assignment, he fell down the stairs two days later. (*Id.*)

The proper joinder of parties in a single lawsuit is governed by Federal Rule of Civil Procedure 20. Rule 20(a)(2) governs the joinder of defendants and provides that multiple defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all Defendants will arise in the action.

Evans asserts that she does not qualify under Rule 20 because Over's complaint relates to *only* his fall on January 3, 2019. She quotes a portion of his complaint in which he alleged that he "reported the problem of being housed on the top range to multiple Milwaukee County (Armor Nurses) and Correctional Staff, but nothing was done." (ECF No. 17 at 3 (quoting ECF No. 1 at 3).) But Evans left out the preceding phrase in Over's complaint. In full, he alleged that, *"befor[e] any of this happened*, I reported the problem of being housed on the top range to multiple Milw[aukee] County (Armor Nurses) and Correctional Staff, but nothing was done." (ECF No. 1 at 3 (emphasis added).) He then specifically names Evans as one of the officers who declined to help him before his fall on January 3, 2019. (*Id.*)

Evans's characterization of Over's complaint is misleading. Over does not seek relief based only on his fall on January 3, 2019, but also for the events immediately preceding his fall that, he alleges, contributed to its occurrence. That includes his

discussion with Evans two days earlier, "befor[e] any of this [the fall] happened." Whether Evans or any other officer refused Over's request for a lower housing assignment, despite knowing of his purported need for one, is a question of fact common to all defendants in this case. Fed. R Civ. P. 20(a)(2)(B). Joining Evans as a defendant in this lawsuit was not improper.

Evans also faults Over for not listing the specific date on which he spoke with her about his housing assignment. But the court must "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Federal Rule of Civil Procedure 8(d)(1) requires that a complaint contain only a "simple, concise, and direct" statement of the allegations. "Specific facts are unnecessary, but the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832 (7th Cir. 2015) (citing *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1098 (7th Cir. 2015), and *Erickson*, 551 U.S. at 93); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Over alleged that he fell down the stairs on January 3, 2019, and that before then he had been refused assistance by officers, including Evans. Liberally reading the complaint, Over's allegations satisfied Rule 8 and provided adequate notice of his claim against Evans.

**IT IS THEREFORE RECOMMENDED** that defendant Telia Evans's motion to dismiss (ECF No. 16) be **DENIED**.

3

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated in Milwaukee, Wisconsin, this 5th day of December, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge