UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**VONDELLE MONTEZ OVER,**

    Plaintiff,

    v.                                          **Case No. 19-CV-218**

**SAMANTHA MARKWARDT,** *et al.***,**

    Defendants.

## ORDER

Plaintiff Vondelle Montez Over moves to compel the production of discovery or, in the alternative, for an order holding the defendants in contempt of court for alleged misconduct during discovery in this case. (ECF No. 48.)

Civil Local Rule 37 requires parties to first attempt to work out a discovery dispute informally, amongst themselves, before involving the court. If that is unsuccessful, a party may file a motion to compel, but the motion must include a certification that efforts to informally resolve the dispute failed. Civil L. R. 37; Fed. R. Civ. P. 37(a)(1). This rule exists because parties are often able to reach an agreement before involving the court, which saves both the parties and the court time and resources.

Over's motion is difficult to read and to follow. He appears to state that counsel for defendants submitted late requests for discovery with which he was not able to comply within the original February 10, 2020, deadline for discovery. But I extended

the discovery deadline twice, first to April 10, 2020 (ECF No. 43), and recently again to June 9, 2020 (ECF No. 47). I granted the second extension only one week before Over filed his motion to compel. Over, therefore, had ample time to respond to any discovery requests when he filed this motion.

Over contends that the defendants are intentionally engaging in delay tactics in an effort "to make [him] appear noncompl[i]ant." (ECF No. 48 at 2.) As noted above, the discovery deadline was several weeks away when he filed his motion. The defendants do not assert that Over has been noncompliant and state that they have attempted to resolve their minor discovery issues with him and without the court's involvement. (ECF No. 50, ¶ 8.) Over's concern that he is being viewed as noncompliant is misplaced.

Over also asserts that the defendants have denied him discovery materials he has requested. But counsel for all defendants attest that they have responded to all of his requests, and some responses they sent the day of or day before the court received Over's motion to compel. (ECF No. 50, ¶ 6; ECF No. 52 at 1.) The defendants have received additional requests since Over filed this motion, and they swear they were in the process of preparing their responses at the time they submitted their response to Over's motion to compel. (ECF No. 50, ¶ 7.b.) Defendants note that some of Over's requests for discovery, like his motion to compel, were difficult to read or illegible. When that happened, the defendants responded to the best of their ability and otherwise requested that Over clarify what information he seeks. (*Id.*, ¶¶ 6, 9.)

Over does not certify that he attempted in good faith to resolve the purported discovery issues with the defendants. Nor did he reply to the defendants' responses to his motion to contest their statements. It is unclear whether he believes any issues remain now that I have extended the discovery deadline to June 9, 2020, and the defendants have responded to his discovery requests sent since he filed this motion.

Based on the extended discovery deadline and the defendants' sworn responses to Over's motion, I will **DENY** his motion. If Over believes discovery issues remain, he is advised to confer in good faith with counsel for the defendants before seeking court intervention. If Over believes he needs additional time beyond June 9, 2020, to complete discovery, he is advised to request an extension of the deadline. Given the current pandemic, I advise both parties to be flexible during discovery and to work together in good faith to determine appropriate scheduling.

**THEREFORE, IT IS ORDERED** that Over's motion to compel (ECF No. 48) is **DENIED**.

Dated in Milwaukee, Wisconsin, this 19th day of May, 2019.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge