# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VONDELLE MONTEZ OVER,**

    Plaintiff,

    v.                                                       **Case No. 19-CV-218**

**SAMANTHA MARKWARDT,** *et al.***,**

    Defendants.

## ORDER

On July 6, 2020, plaintiff Vondelle Montez Over submitted a second motion to compel the production of discovery. (ECF No. 56.) I denied Over's previous motion to compel because the defendants swore they provided him the materials he requested and because Over failed to comply with the Local and Federal Rule requirement that he attempt to "meet and confer" informally with the defendants before seeking court intervention. (ECF No. 53.) I advised Over that if he believed he needed additional time to complete discovery, he should request an extension of time. (*Id.* at 3.) Over did not seek an extension of the discovery deadline, which passed on June 9, 2020.

In his second motion, Over states that he "in good faith attempted to confer with the Defendants via mail" to obtain the discovery he seeks. (ECF No. 56 at 1.) He does not provide a date or time for that purported attempt. He states that the defendants sent him information only from January 3, 2019, through June 3, 2020, but did not produce information requested from June 9, 2018, through January 3,

2019. (*Id.* at 1.) He seeks, photographs, medical reports, medical restrictions, and protocol pertaining to his injury from January 2019. (*Id.* at 2.) He provides no explanation for filing his motion well after the June 9, 2020 discovery deadline.

Defendant Samantha Markwardt opposes Over's motion. (ECF No. 57.) She swears she has provided Over "his entire medical file, and the inmate grievances he filed, incident reports, and a video of the incident at issue in this lawsuit; over 1300 pages of documents in total." (*Id.*, ¶ 4.) Markwardt also posits that the other defendants have produced to Over "all of the information he is seeking to compel." (*Id.*, ¶ 7.) Counsel for the other defendants confirms Markwardt's statement and states that she provided Over "hundreds of pages of medical records and various Milwaukee County Jail documents that relate to Mr. Over." (ECF No. 59.) Counsel also states that she sent Over redacted policies in response to those sought in his motion to compel. (*Id.*) Markwardt also disputes that Over attempted to meet and confer with the defendants and states that Over sent no correspondence to fulfill that obligation. (ECF No. 57, ¶ 9.)

The court twice scheduled a telephonic status conference to resolve Over's motion. (ECF Nos. 58 & 75.) Both times, however, the court cancelled the conference after the prison reported that Over was "unavailable." Given the need for a resolution of this issue, this order will dispose of Over's motion without a conference.

I will deny Over's motion for much the same reasons I denied his first motion to compel. According to the defendants' sworn statements, Over has been provided all discovery he has requested. That includes the policies mailed to him in response to

2

his motion to compel—well after the discovery deadline closed. Over did not reply to the defendants' responses in opposition to his motion and therefore does not contest their statements that they have fully complied with his discovery requests. Nor did he submit a proper certification showing he complied with the "meet and confer" requirement of Fed. R. Civ. P. 37(a)(1) and Civil L. R. 37. His mere statement that he "attempted to confer with the Defendants via mail" is insufficient. *See* Civil L. R. 37 ("The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences."). If Over believes he still does not have the materials he needs to pursue his claims, he must promptly notify the court.

Over also is reminded that his responses to the defendants' motions for summary judgment are due thirty days from the service date of those motions. That means his responses and all relevant materials are due **by September 23, 2020**. Given Over's unavailability for the telephone status conferences, he may require additional time to complete and submit his responses. If so, it is his responsibility to request an extension of time from the court and provide good cause for granting one.

**THEREFORE, IT IS ORDERED** that Over's motion to compel (ECF No. 56) is **DENIED WITHOUT PREJUDICE**.

Dated in Milwaukee, Wisconsin, this 15th day of September, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

3